IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORIA RODRIGUEZ and<br>CARLOS AGUILAR, individually,<br>and on behalf of minor daughters, M.A.<br>and V.A. | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>3:08-CV-0023-M |
| Plaintiffs, | § | |
| v. | §<br>§ | |
| THE KROGER CO., | §<br>§ | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment. The Court finds Plaintiffs' claims are barred by the statute of limitations and **GRANTS** the Motion.

## FACTUAL BACKGROUND

On November 14, 2007, Plaintiff Gregoria Rodriguez ("Rodriguez") filed a complaint in the 134th Judicial District Court of Dallas County, Texas, alleging that Defendant Kroger, Inc. ("Kroger") was negligent in its upkeep of one of its grocery stores and that Kroger's negligence caused Rodriguez to be injured. According to Plaintiffs, Rodriguez, who was pregnant at the time, slipped and fell as a result of water on the floor of the Kroger store. Because of the fall, Rodriguez suffered serious complications during pregnancy and childbirth, complications that required her to be hospitalized for three months. Plaintiff Carlos Aguilar ("Aguilar"), Rodriguez's husband, has brought a loss of consortium claim derivative of his wife's negligence claims. On January 4, 2008, Defendant removed to federal court on diversity grounds, and now moves for summary judgment based on the statute of limitations.

1

## STANDARD OF REVIEW

*Summary Judgment Standard*

Summary judgment is warranted when the facts as reflected in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party.[1] "The Moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case."[2] Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.[3]

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists."[4] "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."[5] However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts.[6]

The statute of limitations is an affirmative defense.[7] A defendant moving for summary judgment on the statute of limitations bears the burden of proving that the claim is untimely and therefore barred.[8] If the nonmovant pleads the discovery rule to circumvent the time bar, the movant has the burden of proving the discovery rule does not apply.[9]

---

[1] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).
[2] *Lynch Props., Inc. v. Potomac Ins.*, 140 F.3d 622, 625 (5th Cir. 1998).
[3] *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).
[4] *Lynch*, 140 F.3d at 625.
[5] *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).
[6] *Lynch*, 140 F.3d at 625.
[7] TEX. R. CIV. P. 94 (Vernon 2003); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988).
[8] *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).
[9] *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990).

*Personal Injury Claims*

Under Texas law, a person must bring suit for personal injuries "not later than two years after the day the cause of action accrues."[10] In a personal injury action, the cause of action accrues when the injury occurs.[11]

Once the accrual date is determined, the next issue is whether the accrual date can be deferred by the discovery rule. The Texas Supreme Court describes the discovery rule as "a very limited exception to statutes of limitations," and has held that it applies "only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable."[12] An injury is inherently undiscoverable only if a plaintiff could not have discovered that he had such an injury through the exercise of reasonable diligence.[13] Injuries are not inherently undiscoverable when they arise from a traumatic event, such as a car accident, even if a plaintiff does not discover the full extent of the injury until much later.[14]

In the present case, Plaintiffs filed their complaint on November 14, 2007, more than two years after Rodriguez's injury. Plaintiffs argue that the discovery rule should apply because: (1) Rodriguez does not speak English and was nine months pregnant at the time of the incident; (2) Rodriguez is not familiar with the legal system; and (3) Rodriguez was hospitalized for nearly two months after the accident, which precluded her from discovering that she may have a cognizable action. However, these arguments fail because none of these circumstances make the discovery rule applicable. It was immediately clear that Rodriguez suffered injuries in the Kroger store, and the fact that she does not speak English and is not familiar with the legal

---

[10] TEX. CIV. PRAC. & REM. CODE § 16.003 (Vernon 2005).
[11] *Stewart v. Stanley Bryan Oldsmobile-Buick-Pontiac, Inc.*, 883 S.W.2d 273, 274 (Tex. App.—Corpus Christi 1994, writ denied).
[12] *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001).
[13] *Id.* at 734-35.
[14] *Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 721 (Tex. App.—San Antonio 1998, pet. denied).

system does not make her injury "undiscoverable" for the purposes of the discovery rule. The statute starts running when the injuries could have been discovered through reasonable diligence, not when they were in fact discovered because of circumstances such as those cited by Plaintiffs. In Texas, injuries arising from a traumatic event such as the incident germane here are not inherently undiscoverable. Plaintiff's claims are therefore barred by the statute of limitations.

*Plaintiffs' Loss of Consortium Claim*

Plaintiff Aguilar's loss of consortium claim is also time-barred. A claim for loss of consortium is derivative of the injured person's primary claim, and is subject to the same affirmative defenses as the primary claim.[15] Thus, a plaintiff cannot prevail on a loss of consortium claim if the personal injury claim is time-barred. Here, Plaintiff Aguilar's loss of consortium claim is barred by the same statute that bars his wife's personal injury claims.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**SO ORDERED**.

October 6, 2008.

                                                  _____
                                                  **BARBARA M. G. LYNN**
                                                  **UNITED STATES DISTRICT JUDGE**
                                                  **NORTHERN DISTRICT OF TEXAS**

---

[15] *Motor Express v. Rodriguez*, 925 S.W.2d 638, 640 (Tex. 1996); *Howard*, 980 S.W.2d at 719 (citing *Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 738-39 (Tex. 1980)).